## THE FRED. M. LAURENCE.*

(*District Court, E. D. New York.*   February 27, 1883.)

COLLISION ON ERIE CANAL—ALIBI—CONFLICTING EVIDENCE—PRESUMPTION.

In an action to recover damages for collision between two canal-boats, the I. and the L., on the Erie canal at Little Falls, the defense set up was an *alibi*. Several witnesses declared that the L. was the boat that collided with the I., and several declared that the L. was not at Little Falls at the time of the collision, and was not in collision with any boat that night. *Held*, that the fact that a witness on the I., who was known to have ascertained by inspection the name of the colliding boat, was not produced, no excuse being given for his non-production, warranted the presumption that his testimony would not support the libelant's case, and that in such a conflict of testimony this presumption was controlling, and the libel was dismissed.

In Admiralty.

*L. R. Stegman*, for libelant.

*Carpenter & Mosher*, for claimant.

*Reported by R. D. & Wyllys Benedict.

BENEDICT, J.. This is a proceeding *in rem* to recover of the canal-boat Fred. M. Laurence the damages sustained by the canal-boat Idlewild in a collision that occurred at Little Falls, on the Erie canal, on the night of the twenty-sixth of August, 1879. The defense is an *alibi*.

Two persons on the deck of the libelant's boat are able to prove the occurrence of the collision, but are not able to identify the Fred. M. Laurence as the other colliding boat. Two persons on the deck of the Fred. M. Laurence at the time of the collision swear that their boat was not then at Little Falls, but some miles to the eastward, and they also testify that the Laurence was not in collision with any boat on the night in question. These two witnesses for the Laurence are confirmed to some extent by the captain's wife, who was in the cabin of the Fred. M. Laurence, and swears that she felt no collision and heard of no collision on the night in question. This testimony for the Laurence is claimed by the libelant to be overcome by the testimony of two other witnesses who were on board the Laurence on the night in question. A steersman on the Laurence, called by the libelant, testifies that on the night in question, being asleep in bed, he was awakened by a jar, and looking out of the window saw that the boat was at Little Falls. This testimony is in direct conflict with that of the captain's wife, who, being up and awake, could not fail to have observed a jar sufficient to awaken one abed and asleep.

Leaving out, then, the testimony of the wife and the steersman as balancing each other, there remains in opposition to the testimony of the captain and the steersman of the Laurence that of the driver of the Laurence, also called by the libelant, who swears positively that at the time and place stated in the libel the Laurence collided with the Idlewild. The credibility of this witness is seriously impaired by the fact that he testifies after an arrangement made with the libelant for his future employment on the libelant's boat; and he is contradicted, not only as to the fact of a collision, but in several important points of detail, by both the captain and the steersman of the Laurence. These contradictions are of such a character that the advocates agree that perjury has been committed on one side or the other.

There is, however, one fact not disputed, and sufficient to control the present decree. It is proved that one of the hands employed on board the Idlewild at the time of the collision knows whether the Laurence was the boat that did the damage, having ascertained the name of the colliding boat by inspection a very short time after the

collision. This witness is not called, nor is any excuse for his non-production given. The presumption, therefore, is that his testimony would not support the libelant's case, and in such a conflict this presumption is controlling.

The libel is accordingly dismissed, and with costs.